UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROVIO ENTERTAINMENT LTD, fka ROVIO MOBILE OY,<br><br>Plaintiff,<br><br>v.<br><br>ROYAL PLUSH TOYS, INC., et al.,<br><br>Defendants. | Case No.: C 12-5543 SBA<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Docket 55 |

Rovio Entertainment Ltd., fka Rovio Mobile Oy ("Plaintiff"),[1] brings the instant copyright and trademark infringement action against Defendants[2] alleging that they are intentionally and willfully selling infringing and unauthorized knockoff plush toys that are nearly identical to Plaintiff's Angry Birds plush toys in violation of Plaintiff's copyright registrations ("Copyrights") and ANGRY BIRDS trademarks. See Compl., Dkt. 1. The parties are presently before the Court on pro se Defendant Jong K. Park's ("Park") objection[3] to Magistrate Judge Laurel Beeler's ("the Magistrate") Report and Recommendation, in which she recommends granting Plaintiff's motion for default

---

[1] Plaintiff is a Finland-based company that developed the puzzle video game Angry Birds. Compl. ¶ 18. In the game, players use a slingshot to launch birds at pigs stationed on or within various structures, with the intent of destroying all the pigs on the playfield. Id.

[2] The named Defendants are: Royal Plush Toys, Inc., Western Sales and Services Inc., Royal Trade Int'l Inc., and Jong K. Park (collectively, "Defendants").

[3] Park's response to the Magistrate's Report and Recommendation is styled as a "Reply to Report & Recommendation." Dkt. 64. The Court construes Park's filing as an objection to the Magistrate's Report and Recommendation. Although Park's objection is procedurally deficient because it is not a motion for de novo determination under Civil Local Rule 72-3(a), the Court will nonetheless address the merits of Park's objection in light of his pro se status.

1 judgment against Defendants. Dkt. 64. Having read and considered the papers filed in
2 connection with this matter and being fully informed, the Court hereby OVERRULES
3 Park's objection to the Magistrate's Report and Recommendation, and ACCEPTS the
4 Magistrate's Report and Recommendation, which shall become the Order of this Court.
5 The Court, in its discretion, finds this matter suitable for resolution without oral argument.
6 See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. LEGAL STANDARD

Any objections to the report and recommendation of a Magistrate judge must be filed within fourteen days of receipt thereof. Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Any objections to the report and recommendation must be made as a motion for de novo determination, and must "specifically identify the portions of the Magistrate Judge's findings, recommendation or report to which objection is made and the reasons and authority therefor." See Civ. L.R. 72-3(a).

The district court must make "a de novo determination of those portions of the report or . . . recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, when no objections are filed, the district court need not conduct a de novo review. United States v. Reyna–Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (the "district judge must review the magistrate judge's findings and recommendations de novo *if [an] objection is made,* but not otherwise") (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." Id.

## II. DISCUSSION

The Magistrate recommends the Court grant Plaintiff's motion for default judgment against Defendants on Plaintiff's copyright claim.[4] Dkt. 55. In addition, the Magistrate recommends the Court award Plaintiff $700,000 in statutory damages, post-judgment

---

[4] Plaintiff seeks default judgment only with respect to its copyright infringement claim; it does not seek default judgment with respect to any of its other claims. Dkt. 45.

interest, and issue a permanent injunction enjoining Defendants from further infringement of Plaintiff's Copyrights.[5]  Id.  Although not entirely clear, it appears that Park objects to the Magistrate's recommendation to award Plaintiff $700,000 in statutory damages on the ground that Plaintiff has failed to produce sufficient evidence showing that it has suffered damages in that amount.  See Dkt. 64.  Park contends that Plaintiff's claim for damages in the amount of $700,000 is "groundless."  Id.  According to Park, the invoices submitted by Plaintiff are "false and exaggerated."  Id.

"To establish a prima facie case of copyright infringement, a plaintiff must demonstrate (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Range Rd. Music, Inc. v. E. Coast Foods, Inc., 668 F.3d 1148, 1153 (9th Cir. 2012).  A "copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  17 U.S.C. § 504(c)(2).

Willfulness in the copyright context can be based on a showing that either the defendant was actually aware of the infringing activity, or that the defendant's actions were the result of "reckless disregard for, or willful blindness to, the copyright holder's rights." Washington Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 674 (9th Cir. 2012). Evidence that notice had been accorded to the alleged infringer is perhaps the most persuasive evidence of willfulness.  Id.

"If statutory damages are elected, the court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and

---

[5] The Court previously issued a preliminary injunction against Defendants.  Dkt. 28.

minima." Jackson v. Sturkie, 255 F.Supp.2d 1096, 1101 (N.D. Cal. 2003) (internal quotation marks omitted). "In awarding statutory damages, courts in this District have considered whether the amount of damages requested bears a 'plausible relationship' to the plaintiff's actual damages." See e.g., DFSB Kollective Co., Ltd. v. Tran, 2011 WL 6730678, at *9 (N.D. Cal. 2011) (citing cases).

The Magistrate recommends awarding Plaintiff $700,000 in statutory damages based on Defendants' willful violation of the Copyright Act, consisting of an award of $100,000 for each willful infringement of Plaintiff's seven copyrighted designs found among Defendants' counterfeit products ($100,000 (statutory damages) x 7 (copyrighted designs) = $700,000). Dkt. 55. The Magistrate determined that such an award is appropriate because Plaintiff demonstrated that the Defendants infringed upon its Copyrights in violation of 17 U.S.C. § 501, and because Plaintiff proffered evidence showing that Defendants sold nearly $350,000 worth of Angry Birds plush toys from May 2012 through January 2013 and imported tens of thousands of Angry Birds plush toys throughout 2011.[6] Id. Based on the evidence proffered by Plaintiff, the Magistrate determined that $700,000 in statutory damages bears a "plausible relationship" to Plaintiff's actual damages. Id.

Park, for his part, admits that he sold "the product of Angry birds," and does not dispute that Plaintiff owns valid copyrights with respect to the seven designs at issue. Further, Park does not dispute the Magistrate's finding that Defendants willfully and knowingly sold plush toys featuring seven of Plaintiff's copyrighted designs after being notified by the United States Customs that they were importing counterfeit Angry Birds plush toys. Nor does Park dispute the Magistrate's finding that the Defendants continued to sell counterfeit Angry Birds plush toys after receiving notice of this lawsuit and after entry of a preliminary injunction prohibiting the sale of Angry Birds plush toys.

---

[6] Sales data is not available for Defendants' sale of Angry Birds plush toys occurring before May 2012 because the computer on which those records were kept apparently was stolen in May 2012. See Drangel Decl. ¶ 31, Dkt. 46.

Having reviewed the record and considered the objection of Park, the Court concludes that Park has failed to demonstrate that any portion of the Magistrate's Report and Recommendation should be modified or rejected.  Specifically, Park has not shown that the Magistrate's recommendation to award Plaintiff statutory damages in the amount of $700,000 rests upon erroneous factual findings or an erroneous application of the law.  The Court finds that the record amply supports the Magistrate's finding that Defendants willfully violated the Copyright Act by continuing to sell plush toys featuring Plaintiff's copyrighted designs after being notified that they were selling counterfeit Angry Birds plush toys.  The record also supports the Magistrate's recommendation to award Plaintiff $700,000 in statutory damages.

Finally, because there has been no objection to any of the other findings and recommendations of the Magistrate, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept these findings and recommendations.  See Fed.R.Civ.P. 72, Advisory Committee Notes (1983) (citing Campbell v. U.S. Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974)); see also ReynaTapia, 328 F.3d at1121.  The Court has reviewed the record on its face and finds no clear error.  Accordingly, the Magistrate's Report and Recommendation is ACCEPTED.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Park's objection to the Magistrate's Report and Recommendation is OVERRULED.

2. The Magistrate's Report and Recommendation is ACCEPTED and shall become the Order of this Court.  Judgment shall be entered in favor of Plaintiff and against Defendants as set forth in the Magistrate's Report and Recommendation.

3. This Order terminates Docket 55.

IT IS SO ORDERED.

Dated: 3/12/2014

SAUNDRA BROWN ARMSTRONG
United States District Judge