UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROVIO ENTERTAINMENT LTD, fka ROVIO MOBILE OY,<br><br>Plaintiff,<br><br>v.<br><br>ROYAL PLUSH TOYS, INC., et al.,<br><br>Defendants. | Case No.:  C 12-5543 SBA<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Docket 94 |

Rovio Entertainment Ltd., fka Rovio Mobile Oy ("Plaintiff"),[1] brings the instant copyright and trademark infringement action against Defendants[2] alleging that they are intentionally and willfully selling infringing and unauthorized knockoff plush toys that are nearly identical to Plaintiff's Angry Birds plush toys in violation of Plaintiff's copyright registrations and ANGRY BIRDS trademarks. See Compl., Dkt. 1.  On March 20, 2014, the Court issued an order adopting Magistrate Judge Laurel Beeler's ("the Magistrate") Report and Recommendation in which she recommended granting Plaintiff's motion for default judgment against Defendants.  Dkt. 86.  The parties are presently before the Court on pro se Defendant Jong K. Park's ("Park") "Motion for de novo determination," which the Court construes as a motion for reconsideration.  Dkt. 94.  Having read and considered

---

[1] Plaintiff is a Finland-based company that developed the puzzle video game Angry Birds.  Compl. ¶ 18.  In the game, players use a slingshot to launch birds at pigs stationed on or within various structures, with the intent of destroying all the pigs on the playfield. Id.

[2] The named Defendants are:  Royal Plush Toys, Inc., Western Sales and Services Inc., Royal Trade Int'l Inc., and Jong K. Park (collectively, "Defendants").

the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Park's motion, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.     **DISCUSSION**

Where there has been a final judgment, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  See Am. Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892, 898-899 (9th Cir. 2001).  A motion for reconsideration is treated as a Rule 59(e) motion if it is filed within twenty-eight days of entry of judgment.  See id. (applying Rule 59(e)'s previous ten-day filing deadline).  If the motion is filed more than twenty-eight days after entry of judgment it is treated as a Rule 60(b) motion.  See id. at 899.  Here, because Park moved for reconsideration within twenty-eight days of entry of judgment, the Court treats his motion as a Rule 59(e) motion to alter or amend the judgment.

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted:  (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.  Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).  However, relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly."  Id.  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n. 5 (2008).

The Court finds that Park has failed to demonstrate that relief is warranted under Rule 59(e).  Park does not argue that the judgment must be altered or amended due to an intervening change in law or in light of newly-discovered evidence.  Rather, although not

entirely clear, Park appears to argue in his one-page motion that the Court erred in adopting the Magistrate's Report and Recommendation because the Magistrate's recommendation to award Plaintiff statutory damages in the amount of $700,000 rests upon erroneous factual findings.  The Court disagrees.  Park has failed to show that the extraordinary remedy provided by Rule 59(e) is warranted.  He has not proffered any evidence in connection with the instant motion or otherwise shown that relief is necessary to correct manifest errors of fact upon which the judgment rests.  Nor has he shown that the judgment rests upon manifest errors of law or that relief is otherwise appropriate to prevent manifest injustice.  Accordingly, Park's motion for reconsideration is DENIED.

## II.     CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.     Park's motion for reconsideration is DENIED.

2.     This Order terminates Docket 94.

IT IS SO ORDERED.

Dated:  5/29/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge