UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROVIO ENTERTAINMENT LTD, fka ROVIO MOBILE OY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROYAL PLUSH TOYS, INC., et al.,<br><br>　　　　　Defendants. | Case No.: C 12-5543 SBA<br><br>**ORDER**<br><br>Docket 105 |

Rovio Entertainment Ltd., fka Rovio Mobile Oy ("Plaintiff"),[1] brought the instant copyright and trademark infringement action against Defendants,[2] alleging that they were intentionally and willfully selling infringing and unauthorized knockoff plush toys that are nearly identical to Plaintiff's Angry Birds plush toys in violation of Plaintiff's copyright registrations ("Copyrights") and ANGRY BIRDS trademarks. On March 20, 2014, the Court entered judgment in favor of Plaintiff on its copyright infringement claim and closed the case. Presently before the Court are four motions filed by Plaintiff, including an Ex Parte Motion to Reopen the Action and for an Order Holding Defendants in Civil Contempt and for Sanctions for Violation of the Permanent Injunction ("Contempt Motion").[3]

---

[1] Plaintiff is a Finland-based company that developed the puzzle video game Angry Birds. In the game, players use a slingshot to launch birds at pigs stationed on or within various structures, with the intent of destroying all the pigs on the playfield.

[2] The named Defendants are: Royal Plush Toys, Inc., Western Sales and Services Inc., Royal Trade Int'l Inc., and Jong K. Park (collectively, "Defendants").

[3] Plaintiff also filed the following motions: an Ex Parte Motion for an Order Sealing File Temporarily ("Sealing Motion"); an Application for an Ex Parte (1) Seizure Order; (2) Order to Freeze Assets; (3) Order to Show Cause Why Defendants' Frozen Assets Should Not be Disgorged; and (4) Substitute Custodian Order ("Ex Parte Application"); and an Ex Parte Administrative Motion for Leave to Exceed the Page Limit for Its Ex Parte Application ("Page Limit Motion"). See Dkt. 105.

Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby DENIES Plaintiff's motions, for the reasons stated below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

The parties are familiar with the facts and procedural history of this case. As such, the Court will only recite those facts that are relevant to the disposition of the motions presently pending before the Court.

On October 29, 2012, Plaintiff commenced the instant action against Defendants, alleging various claims, including claims for copyright and trademark infringement. On November 27, 2012, the Court granted Plaintiff's motion for a preliminary injunction, enjoining Defendants from, among other things, manufacturing, importing, copying, advertising, promoting, offering to sell, selling, distributing or transferring any plush toys that are substantially similar to Plaintiff's copyrighted works or are likely to be confused with Plaintiff's trademarks.

Following the Court's issuance of the preliminary injunction, Plaintiff filed a motion for default judgment against Defendants on its copyright claim, seeking statutory damages, a permanent injunction, and post-judgment interest. Plaintiff's motion was referred to Magistrate Judge Laurel Beeler (the "Magistrate") for a Report and Recommendation. The Magistrate's Report and Recommendation recommended granting Plaintiff's motion for default judgment against Defendants, and awarding Plaintiff $700,000 in statutory damages and post-judgment interest. The Magistrate also recommended that the Court "issue a permanent injunction that enjoins Defendants from further infringement of [Plaintiff's] Copyrights." Defendant Jong K. Park ("Park") objected to the Magistrate's statutory damages recommendation. The Court overruled Park's objection and adopted the Magistrate's Report and Recommendation without modification. The Court entered

judgment in favor of Plaintiff and against Defendants on Plaintiff's copyright claim and closed the case.[4]

## II. DISCUSSION

### A. Contempt Motion

Plaintiff moves for an order holding Defendants in civil contempt and for sanctions for violating the permanent injunction. However, Plaintiff never proposed, and this Court never issued, a permanent injunction that complies with the specificity requirements of Rule 65 of the Federal Rules of Civil Procedure.

It is established that every order granting an injunction shall set forth the reasons for its issuance; shall be specific in its terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise. See Fed.R.Civ.P. 65(d). " '[O]ne basic principle built into Rule 65 is that those against whom an injunction is issued should receive fair and precisely drawn notice of what the injunction actually prohibits.' " Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1086-1087 (9th Cir. 2004). " '[T]he specificity provisions of Rule 65(d) are no mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood.' " Id. at 1087. Specificity in the terms of an injunction is a

---

[4] In its motion for default judgment, Plaintiff only moved for judgment on its copyright claim. Plaintiff stated that it "does not elect to proceed to judgment for damages on its claims for: (1) trademark infringement; (2) unfair competition; or (3) related common law claims." The Court viewed Plaintiff's statement as a deliberate decision to abandon these claims and a request to dismiss them under Rule 15(a) of the Federal Rules of Civil Procedure. See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 687-688 (9th Cir. 2005) (holding that Rule 15(a) governs voluntary dismissal of individual claims). As such, the Court closed the case after entering judgment in favor of Plaintiff on its copyright claim. In closing the case, the Court implicitly granted Plaintiff's request to dismiss its second, third, fourth, fifth, and sixth claims for relief under Rule 15(a). For the sake of clarity, the Court hereby grants Plaintiff's request for dismissal of these claims, which are dismissed without prejudice under Rule 15(a).

predicate to a finding of contempt.  See Gates v. Shinn, 98 F.3d 463, 467 (9th Cir. 1996).  An injunction will be set aside under Rule 65(d) if it is "so vague that it has no reasonably specific meaning."  See Fortyune, 364 F.3d at 1087.

Here, while Plaintiff's motion for default judgment sought a permanent injunction, Plaintiff did not propose an injunction specific in its terms, describing in reasonable detail the acts sought to be restrained.  In fact, Plaintiff did not suggest any particular language for a permanent injunction.  Instead, Plaintiff simply sought "entry of a permanent injunction prohibiting Defendants from further infringement of any of Plaintiff's intellectual properties."  While the Magistrate found that Plaintiff is entitled to a permanent injunction, the Magistrate's Report and Recommendation did not recommend a permanent injunction that was specific in its terms and narrowly tailored to remedy Defendants' violation of Plaintiff's Copyrights.  Rather, the Magistrate recommended that the Court enter a permanent injunction that "enjoins Defendants from further infringement of [Plaintiff's] Copyrights."  Plaintiff did not object to the Magistrate's Report and Recommendation or otherwise request that the Report and Recommendation be modified to include language that complies with Rule 65(d).  The Court adopted the Magistrate's Report and Recommendation without modification, i.e., the Court did not sua sponte issue an injunction satisfying Rule 65(d)'s specificity requirements.  Accordingly, because the Court has not issued a permanent injunction that complies with the mandates of Rule 65(d), Plaintiff's Contempt Motion is DENIED.[5]

### B.    Ex Parte Application and Page Limit Motion

Plaintiff's Ex Parte Application seeks various forms of relief, including an ex parte seizure order, a temporary restraining order freezing Defendants' assets, an order to show cause why Defendants' accounts should not remain frozen and disgorged to satisfy the

---

[5] To the extent Plaintiff wishes to modify the judgment to include a permanent injunction that complies with Rule 65(d), Plaintiff may file a motion requesting such relief.

financial judgment awarded by this Court, and a substitute custodian order.[6]  Plaintiff contends that such relief is appropriate because Defendants continue to import and sell infringing Angry Birds plush toys.  In addition, Plaintiff moves for leave to file an oversized brief in support of its Ex Parte Application.  Plaintiff contends that good cause exists to file a brief that exceeds fifteen pages given the multiple forms of relief it seeks, the protracted history of this action, and the detailed factual background necessary for the Court to appreciate the extent of Defendants' violations of Court orders.

As an initial matter, the Court does not find that good cause exists for Plaintiff to file an oversized brief.  Plaintiff has failed to demonstrate that a twenty-two page brief is necessary.  That aside, even if the Court were to consider Plaintiff's entire brief, Plaintiff has not shown that the relief it requests is appropriate.  The instant action was closed on March 20, 2014 after final judgment was entered in favor of Plaintiff on its copyright claim.  Plaintiff has not cited any authority demonstrating that this Court has the power to authorize a post-judgment seizure of counterfeit goods or to issue a post-judgment order freezing Defendants' assets.  The cases Plaintiff cites are distinguishable because they do not involve a post-judgment request for injunctive relief in a closed case.  Rather, the cases involve a district court's authority to order pre-judgment injunctive relief.  See e.g., Reebok International Ltd. v. Marantech Enterprises, 970 F.2d 552, 559 (9th Cir. 1992).  Accordingly, because Plaintiff has failed to demonstrate that the relief it requests is appropriate, Plaintiff's Ex Parte Application is DENIED.

### C. Sealing Motion

Plaintiff moves for an order sealing the entire file "until such time as Plaintiff's Contempt Motion and Ex Parte Application have been considered by the Court."  However, because Plaintiff has failed to demonstrate that sealing the entire file is appropriate, and

---

[6] Plaintiff requests an order appointing J. Andrew Coombs, A Professional Law Corporation, Epstein Drangel, LLP and Investigative Consultants as the substitute custodians for the seized materials.

because the Court has denied Plaintiff's Contempt Motion and the relief requested in its Ex Parte Application, Plaintiff's sealing motion is DENIED.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Contempt Motion is DENIED.
2. Plaintiff's Page Limit Motion is DENIED.
3. Plaintiff's Ex Parte Application is DENIED.
4. Plaintiff's Sealing Motion is DENIED.
5. This Order terminates Docket 105.

IT IS SO ORDERED.

Dated:   November 5, 2014

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge